UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIAM BRADFORD,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )      No. 4:05-CV-77-CDP
                                     )
MARTY BELLEW-SMITH,                  )
                                     )
            Defendant.               )

<u>**ORDER AND MEMORANDUM**</u>

        This matter is before the Court upon the application of
William Bradford for leave to commence this action without payment
of the required filing fee.  <u>See</u> 28 U.S.C. § 1915(a).  Upon
consideration of the financial information provided with the
application, the Court finds that plaintiff is financially unable
to pay any portion of the filing fee.  Therefore, plaintiff will be
granted leave to proceed in forma pauperis pursuant to 28 U.S.C. §
1915(a).

**28 U.S.C. § 1915(e)**

        Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may
dismiss a complaint filed in forma pauperis at any time if the
action is frivolous, malicious, fails to state a claim upon which
relief can be granted, or seeks monetary relief against a defendant
who is immune from such relief.  An action is frivolous if "it
lacks an arguable basis either in law or in fact."  <u>Neitzke v.
Williams</u>, 490 U.S. 319, 325 (1989).  An action fails to state a

claim upon which relief may be granted if it appears beyond doubt
that the plaintiff can prove no set of facts in support of his
claim which would entitle him to relief.  Conley v. Gibson, 355
U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580
F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B),
the Court must give the complaint the benefit of a liberal
construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   The
Court must also weigh all factual allegations in favor of the
plaintiff, unless the facts alleged are clearly baseless.  Denton
v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416
U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri
Sexual Offender Treatment Center ("MSOTC"), seeks monetary,
declaratory, and injunctive relief in this 42 U.S.C. § 1983 action
against defendant Marty Bellew-Smith ("MSOTC Chief of Clinical
Services").  Plaintiff alleges, as follows:

> According to all of the research on the
> effectiveness of the treatment model used at
> MSOTC, at best participating in treatment will
> have no effect on recidivism, but at worst,
> participating in this treatment will cause
> plaintiff to become twice as likely to reoffend as he was prior

To the extent that plaintiff is claiming that the sexual

offender program at the Farmington Treatment Center is a medical service and is inadequate under the Due Process Clause of the Fourteenth Amendment, he "must show that any medical deprivation is objectively serious" and that defendants "are acting with deliberate indifference to his needs." Tineybey v. Peters, 2110 WL 527409 (N.D.Ill.).[1]  "Dissatisfaction with a medical program or disagreement with how a medical program is run . . . is not indicative of deliberate indifference . . . and by itself, cannot support a § 1983 claim." Id.  Plaintiff's allegations regarding the ineffectiveness of the treatment provided at MSOTC, at most, constitute dissatisfaction or a disagreement with the sexual offender treatment program, and simply are not cognizable as a constitutional violation.  Therefore, having carefully considered plaintiff's claims, the Court concludes that the instant action is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #7] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motions for leave to proceed in forma pauperis [Doc. #2 and Doc. #5] are **DENIED**, as moot.

---

[1]Cf. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 906 (8th Cir. 1999)(Fourteenth Amendment entitles pretrial detainees to at least as great protection as that afforded convicted prisoners under Eighth Amendment; Eighth Circuit has yet to settle on clearly binding standard).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 20th day of June, 2005.

_____
**UNITED STATES DISTRICT JUDGE**